MAZZOLA LINDSTROM LLP
Shan (Jessica) Chen
*Counsel for plaintiffs*
1350 Avenue of the Americas, 2nd Floor
New York, New York 10019
(d) 646-416-6280
(m) 347-652-9046
jessica@mazzolalindstrom.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
-----------------------------------------------------------------x
Jinhua Hibo Technology Co., Ltd. and Jinhua Jobo Technology Co., Ltd.

                    Plaintiffs,

    -against-

USmartPlus Inc. D.B.A. Marble Online Corp.,

                 Defendant.
-----------------------------------------------------------------x

Civil Action No.:

**Complaint**
**Jury Trial Demanded**

Plaintiffs Jinhua Hibo Technology Co., Ltd. and Jinhua Jobo Technology Co., Ltd. ("plaintiffs"), by and through their undersigned attorney, allege as follows for their complaint against defendant USmartPlus Inc. D.B.A. Marble Online Corp. ("defendant"):

**Parties**

1. At all material times, plaintiffs Jinhua Hibo Technology Co., Ltd. and Jinhua Jobo Technology Co., Ltd., were and are foreign companies engaged in the manufacturer of goods, including electric bicycles, for export from China. Their respective principal offices are located at Room No. 8612, Building 1, Modern City (Xiandai Cheng), Binhong Road, Wucheng District, Jinhua City, Zhejiang Province, China 321000 and No. 1398 Shenli Road, Qiubin Industrial Park, Wuchen District, Jinhua City, Zhejiang Province, China.

1

2. The member of Jinhua Hibo Technology Co., Ltd. is the following:

   a) Huang, Xiaozhen, who is a citizen and resident of Dao County, Hunan Province, China.

3. The member of Jinhua Jobo Technology Co., Ltd. is the following:

   a) Zhang, Weifen, who is a citizen and resident of Jinhua City, Zhejiang Province, China.

4. At all material times, defendant USmartPlus Inc. D.B.A. Marble Online Corp., was and is a company organized under the laws of the State of New Jersey with its principal place of business located at 260 Schuyler Avenue, Kearny, New Jersey 07032, United States of America. Defendant, in its dealings with plaintiffs, did business as both USmartPlus Inc. as reflected in the executed Strategic Cooperation Agreement as well as Marble Online Corp., with its address listed as 1270 S. Talt Ave., Anaheim, California 92806, as reflected in the sales contract, pro forma invoice, and shipping forms.

5. Defendant USmartPlus Inc. D.B.A. Marble Online Corp. signed the Strategic Cooperation Agreement with plaintiffs, with USmartPlus Inc. listed as Party A and Jinhua Hibo Technology. Co., Ltd. listed as Party B.

6. At all material times, defendant USmartPlus Inc. D.B.A. Marble Online Corp. ordered and purchased electric bicycles from plaintiffs and is in the business of selling those goods for profit.

**Diversity Jurisdiction and Venue**

7. The court possesses jurisdiction over this case pursuant to 28 U.S.C. §1332(a), as there is diversity between a subject of a foreign state and a domiciliary of the State of New Jersey, and the amount in controversy exceeds $75,000.

8. Venue is proper in this case pursuant to 28 U.S.C. §1391(b), as defendant's principal place of business is within the District of New Jersey.

## Factual Background

9. This is an action to recover monies due for goods purchased by defendants and which were delivered to defendant by plaintiffs, together with applicable interest and costs, as well as for damages stemming from defendant's impermissible use of plaintiffs' valuable trademarks on goods from other third-party manufacturers.

10. In July 2022, the parties entered into a Strategic Cooperation Agreement ("Agreement"), with USmartPlus Inc. listed as Party A and Jinhua Hibo Technology Co., Ltd. listed as Party B.

11. Defendant's representative Emily Ling executed the Agreement on July 28, 2022.

12. Section II of the Agreement specifies that the HJM brand of electric bicycles and the related products would be sold in the United States by defendant pursuant to the terms set forth in the Agreement.

13. Section III of the Agreement specifies that the term of the Agreement is from July 31, 2022 to July 30, 2023.

14. Section VII of the Agreement specifies that plaintiffs' responsibilities and obligations under the Agreement are as follows:

> (1) Hand over the right to use the HJM accounts in platforms including but not limited to the following: Shopify website, Facebook account, Twitter account, YouTube account, KOL cooperation platform, Google, Bing advertising account.
> 
> When the products in Appendix 1 are sold out, all platform accounts of HJM will be officially transferred.
> 
> (2) Deliver all HJM related advertising materials.

    (3) Train Party A on product knowledge and answer all product-related questions.

    (4) Send tutorial videos on unpacking, assembly, and common maintenance items to Party A for employee training.

    (5) Prioritize the production and delivery of Party A's orders.

    (6) The warranty period for the products provided in Appendix 1 and Appendix 2 is calculated from the time of arrival at Party A's warehouse.

15. Section VIII of the Agreement specifies that defendant's responsibilities and obligations are as follows:

    (1) Complete the product sale in Appendix 1 and make the payment as agreed.

    (2) The products in Appendix 2 will be sold at the same time as the new models. Before half of the products are sold, no other new models will be sold except the foldable models.

    (3) Priority will be given to ensuring the use and sale of factory-stocked accessories in Appendix 3 before launching new models.

    (4) During the contract period, Party A cannot purchase goods from other manufacturers.

    (5) Party A will be responsible for after-sales and maintenance issues for the 170 pieces / units (of electric bikes) previously sold by Party B.

16. In 2022, defendant issued a series of purchase orders to plaintiffs for electric bikes (903 pieces/units) and parts and accessories for electric bikes.

17. Plaintiffs manufactured and delivered the goods pursuant to the purchase orders and issued invoices with a total amount of $691,655.

18. Defendant made a total payment of $500,000, leaving a remaining balance of $191,655 for the goods.

19. Also in 2022, defendant issued a series of purchase orders for additional goods.

20. Starting from August 2022, plaintiffs manufactured and delivered another 590 pieces / units of electric bikes and parts and accessories for electric bikes and issued invoices in the amount of $456,114.50.

21. Defendant made a total payment of $63,515, including $32,000 deposit paid on September 6, 2022, leaving an unpaid balance of $392,599.50, in accordance with the following invoices.

| Pro Forma Invoice Order Number | Total Amount | Deposit | Outstanding Debt |
|---|---|---|---|
| HBHLD0304-220817 | $3,210 | $0 | $3,210 |
| JBHLD0304-220820 | $112,887 | $15,757.50 | $97,129.50 |
| JBHLD0304-220830 | $107,365 | $15,757.50 | $91,607.50 |
| JBHLD0304-220901-1 | $116,750 | $16,000 | $100,750 |
| JBHLD0304-22090-2 | $105,000 | $16,000 | $89,000 |
| JBHLD0304-220901-3 | $7,182.50 | $0 | $7,182.50 |
| HBHLD0304-221103 | $3,720 | $0 | $3,720 |
| Total Outstanding Debt | | | $392,599.50 |

22. Plaintiffs sue for recovery of the total remaining $584,254.50 ($191,655 for the 903 pieces / units plus $392,599.50 for the additional 590 pieces / units) due for goods sold and delivered to defendant.

23. Each invoice was duly transmitted to the defendant in the ordinary course of business.

24. The current balance of $584,254.50, plus interest and costs, remains outstanding and due.

25. Defendant made no complaints about the goods delivered, whether as to the timeliness of the delivery, their quality, or their compliance with contract specifications.

26. Plaintiffs have demanded payment due for the invoices on several occasions.

27. Plaintiffs, by and through their undersigned attorney, have demanded payment due for the invoices on several occasions.

28. Defendant has failed to fulfill its payment obligations despite plaintiffs' multiple demands.

29. Defendant has failed to fulfill its obligation under Section VIII of the Agreement by its failure to complete the product sale in Appendix 1 and make the payment as agreed.

30. Defendant has failed to fulfill its obligation under Section VIII of the Agreement by selling other new models before half of the products agreed in the Agreement were sold.

31. Defendant has failed to fulfill its obligation under Section VIII of the Agreement by not giving priority to ensure the use and sale of factory-stocked accessories in Appendix 3 before launching new models.

32. Defendant has failed to fulfill its obligation under Section VIII of the Agreement by purchasing goods from other manufacturers, and then selling them.

33. Plaintiffs officially registered their trademark HJM with the United States Patent and Trademark Office on July 5, 2022, with the registration No. 6,783,658, Class 12: electric bicycles (Ser. No. 90-683,650, filed 04-30-2021).

34. HJM is distinctive and has become a famous mark.

35. Defendant has caused consumer confusion and mistake concerning the source of goods being sold by defendant by placing HJM labels on goods purchased from other manufacturers, and then selling them.

36. Defendant has caused consumer confusion and mistake concerning the source of goods being sold by defendant's promotion and display on HJM's website and other platforms on goods purchased from other manufacturers, and then selling them.

37. Defendant has deceived the consumers as to the affiliation, connection, or association of the plaintiffs with other manufacturers by placing HJM labels on goods purchased from other manufacturers, and then selling them.

38. Defendant has deceived the consumers as to the affiliation, connection, or association of the plaintiffs with other manufacturers by defendant's promotion and display on HJM's website and other platforms on goods purchased from other manufacturers, and then selling them.

39. Defendant has misrepresented the nature, characteristics, qualities, and/or geographic origin of its goods by misrepresenting plaintiffs as the manufacturer of goods sold by defendant in the commercial advertising.

40. Defendant has misrepresented the nature, characteristics, qualities, and/or geographic origin of its goods by misrepresenting plaintiffs as the manufacturer of goods sold by defendant in defendant's promotion of the goods.

### As and for a First Cause of Action: Breach of Contract

41. Plaintiffs incorporate by reference the preceding allegations as if fully restated herein.

42. Plaintiffs sue herein for recovery of $584,254.50 due for goods manufactured, sold and delivered to defendant, in accordance with the invoices stated above.

43. Defendant has breached its contractual obligations to pay plaintiff for the goods manufactured, purchased and delivered to it.

44. Defendant, having failed to pay plaintiff the money due for the goods manufactured, purchased and delivered to it in accordance with the invoices, is in breach of its contractual obligations.

45. Plaintiffs have been damaged in an amount not less than $584,254.50, plus interest and costs.

### As and for a Second Cause of Action: Unjust Enrichment

46. Plaintiffs incorporate by reference the preceding allegations as if fully restated herein.

47. Defendant was enriched by accepting delivery of the goods without providing full payment to the plaintiffs, to the detriment of plaintiffs.

48. Plaintiffs have been impoverished in the value of the goods delivered.

49. Defendant's enrichment is connected to plaintiffs' impoverishment, as defendant accepted delivery of the goods without payment to plaintiffs.

50. Defendant has no justification for keeping, using, or reselling the goods without payment to plaintiffs.

51. As a direct and proximate result of defendant's failure to pay for the goods, plaintiffs have been damaged in an amount not less than $584,254.50, plus interest and costs.

### As and for a Third Cause of Action: Account Stated

52. Plaintiffs incorporate by reference the preceding allegations as if fully restated herein.

53. Plaintiffs and defendant have had an established business relationship, based on prior transactions and fulfillment of orders, aside from the purchase orders at issue herein.

54. Plaintiffs presented the accounts stated by sending invoices to defendant, which constituted the bills for the goods delivered.

55. Plaintiffs' invoices are correct and accurate, as they reflect the dollar amounts agreed to by defendant for the purchase of the goods.

56. Defendant accepted delivery of the goods without objection or protest.

57. Defendant received the invoices from plaintiff as a bill for the sale of the delivered goods without objection.

58. Defendant retained the invoices without objection as to the stated amounts contained therein.

59. A final statement of account was provided to defendant on or about June 12, 2024, demanding $584,254.50.

60. Defendant received the final account statement on June 12, 2024, and did not raise any issue with this amount owed.

61. Defendant has failed to remit payment of the debt although it has been in possession of the invoices beyond a reasonable amount of time.

62. Although plaintiffs made written demands for payment of the amount due, defendant remains delinquent in providing payment, totaling $584,254.50.

### As and for a Fourth Cause of Action:
### False Designation of Origin and Unfair Competition

63. Plaintiffs incorporate by reference the preceding allegations as if fully restated herein.

64. Defendant's promotion, display, distribution, and sale of goods which bear plaintiffs' HJM mark, but which were produced by other manufacturers and purchased by defendant for sale is likely to cause confusion, mistake, or deception as to the source of the goods.

65. Defendant's false designation that goods manufactured and produced by third parties with no affiliation to plaintiffs were manufactured by plaintiffs by affixing plaintiffs' HJM mark to such nonaffiliated third-party goods violates plaintiffs' rights and constitutes false designation of origin and unfair competition in violation of 15 U.S.C. § 1125(a).

66. Defendant's false designation that plaintiffs manufactured the goods being sold by defendant through the affixing of plaintiffs' HJM mark, but which in fact were produced by third-party nonaffiliated manufacturers is greatly and irreparably damaging plaintiffs and will continue to greatly and irreparably damage plaintiffs unless restrained by this Court, rendering plaintiffs without an adequate remedy at law.

67. As a direct and proximate cause of the foregoing acts of the defendant, plaintiffs have been damaged in an amount to be proven at trial.

## As and for a fifth cause of action:

## False Advertising

68. Plaintiffs incorporate by reference the preceding allegations as if fully restated herein.

69. In commercial advertising, defendant has misrepresented the nature, characteristics, qualities, and/or geographic origin of its goods in violation of 15 U.S.C. § 1125(a)(1)(b) by misrepresenting plaintiffs as the manufacturer of goods sold by defendant.

70. Defendant misrepresented the nature, characteristics, qualities, and/or geographic origin of its goods in commercial advertisements and online retail locations.

**WHEREFORE**, Plaintiffs prays that this Court enter Judgment in their favor and against defendant:

a. Ordering defendant to pay plaintiffs damages for defendant's breach of contract, unjust enrichment, and account stated in the amount of $584,254.50 for goods sold from plaintiffs to defendant, plus interest and costs;

b. Ordering defendant to pay plaintiffs damages, including punitive damages, in an amount to be proven at trial for defendant's false designation of origin and unfair competition for using HJM mark on goods manufactured by third-party manufactures;

c. Ordering an injunction relief, permanently enjoining defendant from using plaintiffs' HJM mark; and

d. Awarding plaintiffs such other and further relief as the Court may deem just and proper.

## Jury Demand

Pursuant to Federal Rule of Civil Procedure 38, Plaintiffs Jinhua Hibo Technology Co., Ltd. and Jinhua Jobo Technology Co., Ltd. hereby demand trial by jury in this case.

Dated:  New York, New York
        August 2, 2024

Respectfully submitted,

MAZZOLA LINDSTROM, LLP

_____

Shan (Jessica) Chen
*Counsel for plaintiffs*
1350 Avenue of the Americas, 2nd Floor
New York, New York 10019
(d) 646-416-6280
(m) 347-652-9046
jessica@mazzolalindstrom.com