**REN RONG PAN, ATTORNEY AT LAW**
75 Main Street, Suite 201
Millburn, NJ 07041
(212) 406- 5533/(917)536-8342
Attorney for Defendant
**USmartPlus Inc.d/b/a Marble Online Corp.**
*e-mail: rpanlaw@yahoo.com*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
----------------------------------------x
Jinhua Hibo Technology Co., Ltd. and
Jinhua Jobo Technology Co., Ltd.,

                Plaintiff,

    -against-

USmartPlus Inc. D.B.A. Marble Online Corp.,
                Defendant.

----------------------------------------x

Case **No.2:24-CV-08257-CCC-JSA**

**DEFENDANT'S ANSWER WITH COUNTERCLAIMS**

Defendant **USmartPlus Inc. D.B.A. Marble Online Corp.**, by and through the undersigned attorney, REN RONG PAN, as and for its Answer to the Plaintiff's Complaint, alleges as follows:

1. Generally denies knowledge or information sufficient to form a belief as to the truth of the allegations 1 through 3 in the Plaintiff's Complaint.

2. Admits the corporate names and addresses of USmartPlus Inc. and corporate name of Marble Online Corp., but denies the rest of the allegations or denies knowledge or information sufficient to form a belief as to the truth of the rest of the allegations as Plaintiff has failed to attach the so-called

"Strategic Cooperation Agreement, sales contract, pro forma invoice, and shipping forms" as mentioned in Paragraph 4 of the Plaintiff's Complaint therein.

3. Denies knowledge or information sufficient to form a belief as to the truth of paragraph 6 of the Complaint, as Plaintiff has failed to attach the so-called "Strategic Cooperation Agreement, sales contract, pro forma invoice, and shipping forms" as mentioned in Paragraph 4 of the Plaintiff's Complaint therein.

4. The Complaint should be dismissed by lack of subject matter or personal jurisdiction because the Summons and Complaint were not properly or sufficiently served upon the Defendant.

5. The Complaint should be dismissed by lack of subject matter or personal jurisdiction because the parties had previously stipulated that any unresolved disputes should be referred to the Shanghai Economic and Trade Arbitration Commission or Shanghai International Arbitration Center for arbitration.

6. Defendant will leave the venue issue to the Plaintiff's own pleadings in allegation of paragraph 8 of the Complaint.

7. Denies the allegations or denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 9 through 21 of the Complaint, as Plaintiff has failed to attach the so-called "Strategic Cooperation Agreement, sales contract, pro forma invoice, and shipping forms" as mentioned in the Plaintiff's Complaint therein.

8. Denies the allegations or denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 of the Complaint.

9. Denies the allegations or denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 23 of the Complaint.

10. Denies the allegations or denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 of the Complaint.

11. Denies the allegations or denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 of the Complaint.

12. Denies the allegations or denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 26 through 32 of the Complaint.

13. Denies the allegations or denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 33 through 40 of the Complaint.

14. Denies the allegations or denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 41 through 45 of the Complaint.

15. Denies the allegations or denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 46 through 51 of the Complaint.

16. Denies the allegations or denies knowledge or information

sufficient to form a belief as to the truth of the allegations in Paragraphs 52 through 62 of the Complaint.

17. Denies the allegations or denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 63 through 67 of the Complaint.

18. Denies the allegations or denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 68 through 70 of the Complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

19. Defendant repeats each and every admission, denial, and denial of knowledge or information sufficient to form a belief as set forth in Paragraph 1 through 18 above as if fully set forth herein.

20. Plaintiff's Complaint should be dismissed by lack of personal or subject matter jurisdiction over the Answering Defendant herein due to improper and invalid service of process.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

21. Defendant repeats each and every admission, denial, and denial of knowledge or information sufficient to form a belief as set forth in Paragraph 1 through 20 above as if fully set forth herein.

22. Plaintiff's Complaint should be dismissed or stayed by lack of personal or subject matter jurisdiction over the Defendant herein due to the fact that the Parties have entered

4

into an arbitration agreement whereby any disputes shall be referred to Shanghai International Arbitration for proper resolution.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

23. Defendant repeats each and every admission, denial, and denial of knowledge or information sufficient to form a belief as set forth in Paragraph 1 through 22 above as if fully set forth herein.

24. Plaintiff has failed to state any claim upon which relief can be granted.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

25. Defendant repeats each and every admission, denial, and denial of knowledge or information sufficient to form a belief as set forth in Paragraph 1 through 24 above as if fully set forth herein.

26. The Plaintiff's claims should be barred under the equitable doctrines of Unjust Enrichment, Unclean Hands, Accord and Satisfaction, laches, estoppel and waiver.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

27. Defendant repeats each and every admission, denial, and denial of knowledge or information sufficient to form a belief as set forth in Paragraph 1 through 26 above as if fully set forth herein.

28.   The Plaintiff's claims should be barred or reduced, by his failure to mitigate damages, if any, or by its failure to take back the goods in question from the Defendant's warehouse.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

29.   Defendant repeats each and every admission, denial, and denial of knowledge or information sufficient to form a belief as set forth in Paragraph 1 through 28 above as if fully set forth herein.

30.   The Plaintiff's claims should be barred and dismissed due to its violation of public policy and breach of its contractual duty of Good Faith and Fair Dealing.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

31.   Defendant repeats each and every admission, denial, and denial of knowledge or information sufficient to form a belief as set forth in Paragraph 1 through 28 above as if fully set forth herein.

32.   Plaintiff's claims are barred as a matter of public policy.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

33.   Defendant repeats each and every admission, denial, and denial of knowledge or information sufficient to form a belief as set forth in Paragraph 1 through 32 above as if fully set forth

herein.

34.  Plaintiff's claims in Paragraphs 63 through 70 of its Complaint should be dismissed and are barred as Defendant has been authorized and permitted by Plaintiff to market, sell and deliver the goods in question based on their contractual and agency relationship.

### AS AND FOR A FIRST COUNTERCLAIM

35.  Defendant repeats each and every admission, denial, and denial of knowledge or information sufficient to form a belief as set forth in Paragraph 1 through 34 above as if fully set forth herein.

36.  Defendant has entered into a consignment contract with the Plaintiff whereby Plaintiff committed certain commercial goods and merchandize to Defendant for warehousing and selling, in accordance with their "strategic cooperation."

37.  Plaintiff had known there were multiple serious defects existing in the design and manufacturing of the E-bikes in question, and yet consigned the defective, obsolete and unmarkable goods to Defendant.

38.  Due to this breach and default, Defendant sustained substantial damages having been forced to sell the defective E-bikes at half price or less as well as to spend huge sums of money in shipping and providing post delivery service and replacement.

## AS AND FOR A SECOND COUNTERCLAIM

39. Defendant repeats each admission, denial, and denial of knowledge or information sufficient to form a belief as set forth in Paragraph 1 through 38 above as if fully set forth herein.

40. Plaintiff had known that the E-bikes that were being stored in its so-call "Overseas Warehouses" were defective and unmarkable, and yet had induced Defendant into entering the so-called "Strategic Cooperation" as mentioned in the Complaint.

41. Defendant who has no knowledge of the defective products and zero experience in marketing and distributing the E-bikes in question, had relied upon plaintiff's misrepresentations of the quality and marketability of the E-bike products.

42. As a result of the Plaintiff's fraudulent inducement and misrepresentations, Defendant has sustained damages in shipping and providing post delivery service and replacement amounting to the sum of $1,136,700.00 which consists of extra shipping and storage cost of $236,700 and year end loss for Year 2023 of $900,000.00.

## PRAY FOR RELIEF

**WHEREFORE**, Defendant prays that this Court:

1. Dismiss Plaintiff's Complaint, as against Defendant, with prejudice;

2. Grant Defendant's Counterclaims against Plaintiff;

3. Award Defendant his attorney's fees together with

interests and costs incurred in the defense of this action; and

    4.   Award Defendant such other relief as this Court deems appropriate.

## **RESERVATION OF RIGHTS**

Defendant reserves the right, later, at or before trial, to assert additional defenses if it is later determined that they would be appropriate. Defendant also reserves the right, later, at or before trial, to move this Court to stay this proceeding, to dismiss the complaint and/or for summary judgment, on the ground that the complaint violates the Parties' prior arbitration agreement, of failure to state a claim upon which relief can be granted and/or Defendant is entitled to judgment as a matter of law, based on any or all of the above defenses.

Dated:  Millburn, New Jersey
        September 16, 2024.

                      REN RONG PAN ATTORNEY AT LAW
                      Attorney for Defendant

                      S/   *Ren Rong Pan*
                      Ren Rong Pan, Esq. (RP-7378)
                      75 Main Street, Suite 201
                      Millburn, NJ 07041
                      (212) 406-5533/(917)536-8342

TO:  SHAN (JESSICA) CHEN, ESQ.
     1350 Avenue of the Americas, 2nd Floor
     New York, NY 10019
     Attorney for Plaintiff