**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| Jinhua Hibo Technology Co., Ltd. and Jinhua Jobo Technology Co., Ltd.,<br>Plaintiffs,<br>v.<br>USMartPlus Inc.,<br>Defendant. | Civil Action No.: 24-8257<br><br>**OPINION & ORDER** |

**CECCHI, District Judge.**

This matter comes before the Court on defendant and counter claimant USMartPlus Inc.'s ("Defendant") motion to stay proceedings and compel this matter to arbitration in China. ECF No. 54. Plaintiffs and counter defendants, Jinhua Hibo Technology Co., Ltd. and Jinhua Jobo Technology Co., Ltd. (collectively "Plaintiffs") opposed the motion. ECF No. 55. Defendant replied. ECF No. 56. The Court decides this motion without oral argument pursuant to Federal Rule of Civil Procedure 78(b). For the reasons set forth below, Defendant's motion is denied.

## I. BACKGROUND

The instant motion requires the Court to determine whether Defendant waived its right to arbitrate after litigating this case for over one year. The procedural background of this case is therefore most pertinent, but the Court provides a brief overview of Plaintiffs' claims before addressing the procedural history.

This case arises from a Strategic Cooperation Agreement (the "Agreement") between the Parties in which they agreed that Defendant would sell electric bikes and related products manufactured by Plaintiffs. *See generally* ECF No. 1 ("Compl."). Defendant allegedly ordered over 1,400 electric bikes from Plaintiffs but purportedly underpaid by the amount of $584,254.50.

*Id.* ¶¶ 16–22. Plaintiffs also allege that Defendant purchased similar products from other electric bike manufacturers and placed Plaintiffs' labels on the products and sold them. *Id.* ¶¶ 32, 35. Accordingly, Plaintiffs filed suit for breach of contract, unjust enrichment, account stated, and violations of false advertising statutes. *Id.* ¶¶ 41–70.

Plaintiffs filed suit on August 2, 2024. Defendant filed its Answer with counterclaims on September 16, 2024, rather than file a motion to dismiss. ECF No. 4. Defendant denied any wrongdoing and, in its affirmative defenses, asserted that the Complaint should be dismissed "due to the fact that the Parties have entered into an arbitration agreement whereby any disputes shall be referred to Shanghai International Arbitration for proper resolution." *Id.* ¶ 22. Indeed, the Parties do not dispute that the Agreement included an arbitration provision which states that "[a]ll disputes arising out of this agreement and relating to this agreement shall be resolved through friendly consultation firstly; and if agreement is not reached, shall be referred to arbitration by Shanghai Economic and Trade Arbitration Commission/ Shanghai International Arbitration Center." ECF No. 54-1, Ex. A § XIV. Defendant's Answer also expressly reserved the right to move to stay the action pending arbitration because of the binding arbitration provision. ECF No. 4 at 9.

Critically, for purposes of this motion, the case was never sent to arbitration. Rather, the Parties proceeded in the ordinary course of litigation. On November 4, 2024, the Parties took the initial step of submitting a joint discovery plan to Magistrate Judge Jessica S. Allen on her standard template. ECF No. 12. The Parties, among other things, listed the affirmative defenses Defendant intended to invoke. *Id.* ¶ 1. They did not include Defendant's earlier contention that the Complaint should be dismissed because the Parties were bound by an arbitration provision in the Agreement. *Id.* Additionally, when prompted by Judge Allen's joint discovery plan template to indicate

whether the case was appropriate for "voluntary arbitration," "mediation [or], appointment of a special master or other special procedure," the Parties stated that they "prefer sponsored arbitration or mediation" and did not mention the arbitration provision. *Id.* ¶ 9.

The Parties had an initial scheduling conference before Judge Allen on November 8, 2024. ECF No. 13. On January 17, 2025, defense counsel sent a letter to Judge Allen indicating that the Parties exchanged requests for interrogatories in December 2024, and Defendant had responded to Plaintiffs' interrogatories. ECF No. 15. Counsel also indicated that the Parties had engaged in settlement discussions. *Id.* The Parties then filed a joint status report on January 22, 2025. ECF No. 17.

On February 25, 2025, the Parties participated in a Telephone Status Conference with Judge Allen. *See* ECF Nos. 18–20. Over the following months the Parties continued to engage in discovery and settlement discussions. *See* ECF Nos. 21–39. Ultimately, in addition to paper discovery, Defendant deposed Plaintiffs twice and deposed one third-party witness. ECF No. 47 at 2; ECF No. 57-1.

On October 10, 2025, Plaintiffs' counsel wrote to Judge Allen and asked for leave to file a motion to amend the Complaint to add additional parties and claims. ECF No. 43. Judge Allen then held a Telephone Status Conference with the Parties on October 17 and granted leave. ECF Nos. 44–45. Plaintiffs filed their motion on October 31, 2025, in accordance with Judge Allen's instructions. ECF No. 46.

Ten days later, and fourteen months after Defendant filed its Answer, on November 10, 2025, defense counsel wrote to this Court to "respectfully request the Court's leave for us to file a motion to stay the case pending arbitration in China." ECF No. 47. Counsel indicated that he was only recently added to the case and had reviewed the Parties' agreements and relevant arbitration

provision. *Id.* Counsel highlighted that Defendant had reserved its right to move for a stay in the Answer and that discovery to date had "not been wasted" because the discovery "can (and almost certainly will) be used in the arbitration proceeding." *Id.*

This Court then held a telephone conference with the Parties on November 12, 2025, and ordered the Parties to submit a joint letter regarding their "positions on participation in the court mediation program" and administratively terminated Plaintiffs' motion for leave to amend the Complaint and Defendant's request for leave to file a motion to stay pending arbitration. ECF No. 48. The Parties indicated that they consented to mediation, the Court appointed a mediator on November 25, 2025, and mediation was unsuccessful. ECF No. 49.

In February 2026, the Court instructed Plaintiffs to file a response to Defendant's November 10, 2025, letter in which Defendant had asked the Court for leave to file a motion to stay pending arbitration. ECF No. 50. Plaintiffs filed their response, ECF No. 51, and Defendant requested leave to reply to Plaintiffs' letter. ECF No. 52. Thereafter, "in the interest of justice", the Court granted Defendant leave to file a motion to stay pending arbitration. ECF No. 53. That motion is now before the Court. ECF No. 54.

## II. DISCUSSION

When deciding whether to stay a case and compel arbitration under the Federal Arbitration Act ("FAA"), the Court must determine "(1) whether there is a valid agreement to arbitrate between the parties and, if so, (2) whether the merits-based dispute in question falls within the scope of that valid agreement." *Flintkote Co. v. Aviva PLC*, 769 F.3d 215, 220 (3d Cir. 2014) (citation omitted). "Arbitration is strictly a matter of contract" and is thus governed by state law. *Bel-Ray Co. v. Chemrite (Pty) Ltd.*, 181 F.3d 435, 441, 444 (3d Cir. 1999). Here, the Parties do

not dispute that there is a valid agreement to arbitrate.[1] Rather, Plaintiffs contend that Defendant has waived its right to stay the case pending arbitration because Defendant litigated the case for over a year before requesting leave to file this motion. ECF No. 51 at 1–2; ECF No. 55 at 7–9. The Court agrees.

"Parties have the entire contractual toolbox available to them to seek to enforce or oppose an arbitration provision." *White v. Samsung Elecs. Am., Inc.*, 61 F.4th 334, 339 (3d Cir. 2023). Relevant here is "one of the tools at the [P]arties' disposal—waiver." *Id.* A party waives their right to enforce an arbitration provision, when "a party has 'intentionally relinquished or abandoned [that] known right.'" *Id.* (quoting *Morgan v. Sundance, Inc.*, 142 S. Ct. 1708, 1713 (2022)) (cleaned up). "In analyzing whether waiver has occurred, a 'court focuses on the actions of the party who held the right.'" *Id.* (quoting *Morgan*, 142 S. Ct. at 1713). Whether a party has waived their right to compel arbitration "is informed by the 'circumstances and context of each case.'" *Id.* (quoting *Gray Holdco, Inc. v. Cassady*, 654 F.3d 444, 451 (3d Cir. 2011)). As such, the Court must determine whether Defendant, by its conduct during this case, "acted inconsistently with an intent to assert its right to arbitrate." *Id.* at 340. Among other considerations, courts look to "the timeliness of the arbitration request, the extent of the movant's merits-based arguments up to that point, and its participation in discovery." *Davis v. Coinbase, Inc.*, No. 25-15201, 2026 WL 1826250, at *4 (D.N.J. June 25, 2026).

Defendant's conduct indicates an intent to waive its right to arbitrate. For example, Defendant asked for leave to file this motion in November 2025—fourteen months after it filed its Answer—which suggests an intent to defend itself in litigation. Indeed, courts have considered

[1] Plaintiffs do, however, argue that their claims do not fall within the scope of the Parties' agreement. ECF No. 55 at 9–10. The Court does not reach this issue because, as discussed herein, Defendant has waived its right to enforce the arbitration provision.

delay in filing a motion to compel arbitration when determining whether a party has waived. *See, e.g.*, *Nino v. Jewelry Exch., Inc.*, 609 F.3d 191, 208 (3d Cir. 2010) ("[W]e further conclude that the District Court erred in determining that [defendant] did not waive its right to compel arbitration after litigating this case for fifteen months."); *Hoxworth v. Blinder, Robinson & Co.*, 980 F.2d 912, 925 (3d Cir. 1992), *abrogation recognized* by *White*, 61 F.4th at 338 (finding waiver after an eleven-month delay in moving to compel arbitration); *see also Gray Holdco*, 654 F.3d at 455 (finding that a "ten-month delay is substantially longer than the delays" in cases in which there was no waiver and collecting cases in which delays of one and a half months, two months, and 38 days did not indicate waiver).[2]

Defendant's willingness to engage in discovery before filing this motion also suggests an intent to litigate, rather than arbitrate, this dispute. Courts find that a lack of engagement in discovery and court conferences indicates that a party did not intend to waive the right to arbitration. *See Zephyr Fluid Sols., LLC v. Scholle IPN Packaging, Inc.*, No. 22-475, 2023 WL 1795798, at *3 (D. Del. Feb. 7, 2023) (finding defendant did not waive because "the parties have not engaged in any discovery"); *Baumwoll v. Brightview Senior Living, LLC*, No. 19-7278, 2020

[2] *Nino*, *Hoxworth*, and *Gray Holdco* were decided under a different standard in which courts determined whether a party waived its right to arbitration by considering whether the non-moving party was prejudiced by the moving party's conduct during litigation. *Gray Holdco*, 654 F.3d at 451–61. Courts made this determination by applying the so-called *Hoxworth* factors. *See Hoxworth v. Blinder, Robinson & Co.*, 980 F.2d 912 (3d Cir. 1992). Under *Hoxworth*, courts determined whether a party was prejudiced by considering "(1) timeliness; (2) the extent to which the party seeking arbitration has contested the merits of the opposing party's claims; (3) whether the party seeking arbitration informed its adversary of its intent to pursue arbitration prior to seeking to enjoin the court proceedings; (4) the extent to which a party seeking arbitration engaged in non-merits motion practice; (5) the party's acquiescence to the court's pretrial orders; and (6) the extent to which the parties engaged in discovery." *Isabella Pizza Inc. v. Tioga-Franklin Sav. Bank*, No. 25-3306, 2026 WL 210414, at *6 n.6 (E.D. Pa. Jan. 27, 2026). However, in *Morgan v. Sundance, Inc.*, "the Supreme Court expressly rejected the prejudice-based waiver analysis." *White*, 61 F.4th at 338. Now, while "prejudice is no longer the touchstone of the waiver analysis, the *Hoxworth* factors are still the types of facts courts may consider when reviewing the movant's conduct." *Isabella Pizza*, 2026 WL 210414, at *6 n.6 (discussing how the Third Circuit's analysis in *White*—which did not consider prejudice post-*Morgan*—analyzed similar considerations as under *Hoxworth*).

WL 13543767, at *2 (D.N.J. Apr. 30, 2020) ("Defendant's limited engagement in discovery does not constitute active participation in litigation sufficient to constitute waiver of the right to arbitrate" and finding no waiver because "Defendant requested deferral of the initial case management conference [and] declined to produce the discovery requested by Plaintiff."); *E. Hedinger AG v. Brainwave Sci., LLC*, 363 F. Supp. 3d 499, 507 (D. Del. 2019) (finding no waiver, in part, because "[n]o discovery has occurred"); *Zenon v. Dover Downs, Inc.*, No. 21-1194, 2022 WL 2304118, at *2 (D. Del. June 27, 2022) (holding same because "Defendant has served no discovery").

Here, however, Defendant engaged in significant discovery, including taking three depositions and defending two depositions. ECF No. 57-1. The Parties also engaged in written discovery by serving and answering interrogatories and set a schedule for expert discovery, though it is not clear from the record before the Court whether expert discovery commenced. *See* ECF Nos. 35, 41. Nevertheless, in a September 25, 2025, letter to Judge Allen, defense counsel requested a one-month extension of the deadline to exchange affirmative and responsive expert reports. ECF No. 41. Judge Allen granted that request. ECF No. 42. Furthermore, Defendant and Plaintiffs jointly submitted eight separate filings including a joint discovery plan and joint status reports. *See* ECF Nos. 12, 17, 23, 26, 31, 33, 36, 38. Those filings indicated that the Parties were working through discovery disputes and that settlement discussions were ongoing. Defendant did not raise arbitration in those filings. Finally, Defendant attended six conferences with Judge Allen from November 2024 to October 2025. ECF Nos. 13, 20, 30, 35, 39, 45. This all suggests that Defendant intended to litigate this matter.

The way Defendant did and did not invoke the arbitration provision throughout this case is also indicative of waiver. Namely, Defendant included arbitration as an affirmative defense in its

Answer filed on September 16, 2024. ECF No. 4 ¶ 22. However, Defendant did not raise the issue of arbitration again until the October 17, 2025, conference call with Judge Allen in which she advised defense counsel that Defendant needed to seek leave of this Court to file the instant motion to stay pending arbitration.[3] ECF Nos. 45, 47. Defendant's reservation of its right to compel arbitration in its Answer, ECF No. 4 at 9, does not change the Court's conclusion. An "on-the-record reservation is not a get out of jail free card." *Valli v. Avis Budget Grp. Inc.*, 162 F.4th 396, 410 n.15 (3d Cir. 2025). That is, courts may still find waiver where, like here, "despite such reservation, a party's conduct is so inconsistent with an intent to arbitrate that it evinces an intentional relinquishment." *Id.*

Moreover, Defendant did not inform Judge Allen of the Parties' arbitration agreement despite an early opportunity to do so. That is, when the Parties filed their joint discovery plan on November 4, 2024, they stated they preferred "sponsored arbitration or mediation" when prompted to:

> State whether this case is appropriate for voluntary arbitration (pursuant to L. Civ. R. 201.1 or otherwise), mediation (pursuant to L. Civ. R. 301.1 or otherwise), appointment of a special master or other special procedure. If not, explain why and state whether any such procedure may be appropriate at a later time (i.e., after exchange of pretrial disclosures, after completion of depositions, after disposition of dispositive motions, etc.).

ECF No. 12. Defendant did not raise the possibility of arbitration pursuant to the Agreement.

A party's failure to do so indicates an intent to waive. In *White*, for example, the Third Circuit found waiver when "as part of the discovery plan, the parties were asked if the case was subject to court-annexed arbitration." 61 F.4th at 340. Although that case was not necessarily subject to that form of arbitration, the defendant did not disclose that another type of arbitration pursuant to an agreement between the parties may have been applicable. *Id.* Here too, Judge

[3] Defendant did not seek leave until November 10, 2025, another three weeks after the conference call with Judge Allen. ECF No. 47.

Allen's joint discovery plan template prompted the Parties to discuss arbitration, but Defendant did not raise the Parties' arbitration agreement. ECF No. 12. For completeness, Defendant should have discussed the Parties' agreement to arbitrate. *See White*, 61 F.4th at 340 ("[A]rbitration was mentioned in the [joint discovery] plan and completeness would suggest that [defendant] should have disclosed that another type of arbitration may be applicable.").

Although Defendant's conduct in discovery and the timing of this motion indicate it intended to litigate this case, this is Defendant's first substantive motion. Filing a motion to dismiss or other merits-based motions suggests an intent to litigate, whereas not engaging in motion practice may indicate a lack of waiver. *See, e.g.*, *White*, 61 F.4th at 340 (finding waiver because defendant "clearly sought to have this case dismissed by a court on the merits" by filing motions to dismiss and "[o]nly after it was apparent that further litigation would be required . . . did [defendant] attempt to arbitrate the remaining claim"); *Hejamadi v. Midland Funding, LLC*, No. 18-13203, 2024 WL 3159316, at *5 (D.N.J. June 25, 2024) (finding no waiver, in part, because "no merits litigation took place").

Nevertheless, no single consideration is dispositive of whether a party intended to waive its right to arbitration. As discussed above, Defendant delayed for more than a year in asking for leave to make this motion, engaged in discovery, and did not raise the arbitration provision when prompted by Judge Allen. *See Davis*, 2026 WL 1826250, at *4 (courts consider "the timeliness of the arbitration request, the extent of the movant's merits-based arguments up to that point, and its participation in discovery").

Moreover, even if this is Defendant's first substantive motion, it has not provided "a sufficiently reasonable explanation for its delay" in moving to compel arbitration. *Gov't Emps. Ins. Co. v. Mount Prospect Chiropractic Ctr., P.A.*, No. 22-737, 2024 WL 5117602, at *5 (D.N.J.

Dec. 13, 2024) (finding no waiver because defendant "offer[ed] a reasonable explanation for their delay [which was an] intervening change in law brought about by the Third Circuit" and collecting cases).

Here, Defendant's reason for waiting until the fall of 2025 to ask for leave to file this motion appears to be that defense counsel only became aware of the arbitration provision in September 2025 due to a substitution of counsel. In its initial letter to the Court asking for leave, counsel stated:

> I am relatively new to this case, having been partially substituted into this case as co-counsel . . . on September 23, 2025. In light of my substitution, we reviewed the Strategic Cooperation Agreement between the parties provided by the Plaintiff's counsel during discovery. This contract is in Chinese – not translated into English, but [pre-existing defense counsel] advises that he did not translate it into English until I came on board.

ECF No. 47 at 1. This is not a "sufficiently reasonable explanation for its delay" as Defendant was aware of the Parties' arbitration agreement at the outset of litigation. *Gov't Emps. Ins. Co.*, 2024 WL 5117602, at *5. After all, Defendant included it as an affirmative defense in its Answer. And, to the extent Defendant relies on partially substituting in new counsel as a reason for delay, it is an unsatisfactory justification. *See, e.g.*, *In re Pharmacy Ben. Managers Antitrust Litig.*, 700 F.3d 109, 118 (3d Cir. 2012) (finding waiver when defendant's explanation for delay was "the fact that the motion was made . . . after it retained new counsel").

Finally, Defendant argues that even if it waived its right to arbitration, Plaintiffs' filing of a motion to file an amended complaint, ECF No. 46, "restore[d] the previously-waived right to arbitrate." ECF No. 56 at 2. An amended pleading can "revive" a right to arbitrate, but the amended pleading must alter the scope and nature of claims in the case. *Julabo USA, Inc. v. Juchheim*, No. 19-1412, 2021 WL 2351958, at *3 (E.D. Pa. June 9, 2021) (citing *Gilmore v. Shearson/Am. Express, Inc.*, 811 F.2d 108, 113 (2d Cir. 1987)). To that end, Defendant contends that the proposed Amended Complaint, ECF No. 46-5, "[b]y seeking to add five new parties and

to pierce the corporate veil," has "changed both the 'scope' and the 'theory' of [the] case." ECF No. 56 at 2.

The proposed amended complaint, however, is not the operative pleading in this matter, and Plaintiffs' mere request for leave to amend does not establish that such a change has occurred. Therefore, at this juncture, the Court does not opine on whether the proposed amendments would alter the scope and nature of this case such that Defendant's waiver would be excused. The Court notes, however, that reviving a previously waived right to arbitrate only applies "in limited circumstances." *Bitton v. Healthcare Servs. Grp., Inc.*, No. 17-2580, 2019 WL 415570, at *5 (E.D. Pa. Feb. 1, 2019) (quoting *Krinsk v. Sun Trust Banks*, 654 F.3d 1194, 1202 (11th Cir. 2011)) (holding that waived right to compel arbitration was revived because amended complaint changed an individual claim into a class claim).

## III. <u>CONCLUSION</u>

Accordingly, for the reasons stated above, **IT IS** on this 25th day of November, 2026;

**ORDERED** that Defendant's motion to stay and compel arbitration, ECF No. 54, is **DENIED** without prejudice.

**SO ORDERED.**

*s/ Claire C. Cecchi*

**CLAIRE C. CECCHI, U.S.D.J.**